**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **GREGORI MARTINEZ FLORIAN,**<br>**Petitioner,**<br>**v.**<br>**TODD BLANCHE, *et al.*,**<br>**Respondents.** | **Case No. 26–cv–09323–ESK**<br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Gregori Martinez Florian's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition) (ECF No. 1.) Respondents oppose the Petition. (ECF No. 5.)

1. Petitioner is a citizen of the Dominican Republic. (*Id.* p.1.) He entered the United States without inspection on February 4, 2023. (ECF No. 5–1 p.1.)

2. Petitioner was detained by immigration officials and allegedly processed as an expedited removal pursuant to 8 U.S.C. § 1225(b)(1). (ECF No. 5–3 p. 2.) He was released on March 23, 2023. (*Id.*) Immigration and Customs Enforcement (ICE) issued a Notice to Appear (Notice) charging petitioner with being a noncitizen who was "present in the United States" without admission or parole. (ECF No. 5–4 p. 1.)

3. ICE detained petitioner on July 24, 2026. (ECF No. 5 p.2.) This Petition followed.

4. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

5. Respondents filed an answer on July 25, 2026 arguing that petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(1) because he "was (i) apprehended at a port of entry or near the border, (ii) placed in expedited removal proceedings, and (iii) subsequently passed a credible-fear screener

interview for an asylum claim. Petitioner thus falls under the mandatory detention requirements of § 1225(b)(1)." (ECF No. 5 p. 2.)

6. I conclude that petitioner is being unlawfully detained under 8 U.S.C. § 1225 because petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226(a).[1] *See Ayala Amaya v. Bondi*, No. 25–cv–16428, 2025 WL 3033880, *2–3 (D.N.J. Oct. 30, 2025).

7. The Notice and Order of Expedited Removal dated February 4, 2023 (Form) is incomplete. (ECF No. 5–2.) As its name implies, the Form contains two sections. The first section is called the determination of inadmissibility, and the second section is the order of removal. A border patrol agent typed his name in the first section of the Form, but he did not sign it. (*Id.*)

8. The second section is blank. There are no entries—typed or otherwise—on the lines indicating that a supervisor reviewed and approved the order of removal. (*Id.*) "Any removal order entered by an examining immigration officer pursuant to section 235(b)(1) of the [Immigration and Nationality Act] *must be reviewed and approved by the appropriate supervisor before the order is considered final*." 8 C.F.R. § 235.3(b)(7)(emphasis added).

9. Petitioner was initially processed for expedited removal at best, but he was not ordered removed. *See also Cifuentes v. Soto*, No. 25–cv–18029, 2025 WL 3771380, at *2 (D.N.J. Dec. 31, 2025) (holding ICE "cannot now retroactively resurrect that [expedited removal] order to justify detention under § 1225(b) absent evidence that the order ever took legal effect.")

10. Furthermore, the Notice that was issued on March 23, 2023 identified petitioner as a noncitizen "*present* in the United States who has not been admitted or paroled ...." (ECF No. 5–4 p. 1 (emphasis added)). "That language aligns with § 1226(a), not [§ 1225(b)(2)]." *Dabre v. Soto*, No. 26–cv–02142, 2026 WL 699934, at *2 (D.N.J. Mar. 12, 2026). Therefore, it seems from the record that ICE "has consistently treated [petitioner] as subject to detention on a *discretionary* basis under § 1226(a), which is fatal to [r]espondents' claim that he is subject to mandatory detention under § 1225(b)." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 483–84 (S.D.N.Y. 2025) (emphasis in original).

11. Respondents further concede that "[i]t is not clear under what authority [p]etitioner received parole." (ECF No. 5 p. 2 n. 2.) They have not

[1] I note that 8 U.S.C. § 1252(b)(9) does not strip the Court of jurisdiction over petitioner's challenge to his continued detention because the challenge is collateral to "the removal process," and is not "inextricably linked" to any removal action. *See Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026).

submitted any paperwork that one would expect to accompany a decision to release someone on parole "for urgent humanitarian reasons or significant public benefit ... ." 8 U.S.C. §1182(d)(5)(A)

Accordingly,

**IT IS** on this **18th** day of **August 2026** **ORDERED** that:

1. Petitioner's Petition is **GRANTED**. Respondents shall provide petitioner with an individualized bond hearing pursuant to 8 U.S.C. §1226(a) before an immigration judge within 7 days of this Order. Respondents shall provide the immigration court a copy of this Opinion and Order prior to the hearing.

2. Petitioner, or his counsel, shall have notice of the bond hearing, a reasonable opportunity to prepare, and be permitted to reschedule the hearing without seeking this Court's intervention. The hearing may be rescheduled outside of the 7-day period at petitioner's request.

3. The Clerk shall **CLOSE** this case.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**